**Carlos Emillton JUAREZ–PAREDEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–73613.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

James R Patterson, Attorney, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Robbin K. Blaya, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM**

Carlos Emillton Juarez–Paredez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying his application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence and may reverse only if the evidence compels a contrary conclusion. *Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998 (9th Cir.2003). We deny the petition.

The BIA conducted an individualized analysis and, based on the background information in the record, found that there was a lack of evidence indicating that guerillas continue to attack citizens. The BIA found that the evidence instead showed that much of the violence that persists in Guatemala is either non-political or targeted at high profile activists and former guerillas. *Id.* at 1000 (quoting *INS v. Ventura,* 123 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002)) (per curiam). Accordingly, substantial evidence supports the BIA's denial of asylum based on changed country conditions.

Because Juarez–Paredez failed to demonstrate that he was eligible for asylum, it

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

follows that he did not satisfy the more stringent standard for withholding of removal. *See Gonzalez–Hernandez,* 336 F.3d at 1001 n. 5.

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), petitioner's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**